**Weaver v. Complex Medical, et al.    CV-95-222-B    06/23/99**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>**Mary Weaver**</u>

   v.                                                        Civil No. 95-222-B

<u>**Complex Medical**</u>
 <u>**Products, Inc., et al.**</u>


**O R D E R**


Mary Weaver filed this lawsuit to obtain reimbursement for approximately $30,000 in medical expenses she incurred while covered by an employee health benefit plan ("Plan") regulated by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. § 1000 et seq. (West 1999).


### I.    <u>BACKGROUND</u>

When Weaver incurred the medical expenses at issue in this lawsuit, she was covered by a health benefit plan established by her employer, Complex Medical Products, Inc.  She alleges that David Weston was the Plan's acting administrator when she incurred the expenses, and that Robert Weston exercised de facto control over the administration of the Plan during the same

period. Although defendants concede that Weaver was entitled to have her medical expenses paid by the Plan, her claim was denied because Complex failed to adequately fund the Plan.

Weaver attempted to recover her unreimbursed medical expenses by filing suit against the Plan, David Weston, and Robert Weston.[1] She asserted a claim for benefits on her own behalf against the Plan itself pursuant to 29 U.S.C.A. § 1132(a)(1)(B) and claims for breach of fiduciary duty on behalf of the Plan against David and Robert Weston pursuant to 28 U.S.C.A. § 1132(a)(2).

On January 24, 1997, I issued an order awarding Weaver partial summary judgment with respect to her claims against David and Robert Weston. Document no. 59. I determined that (1) David Weston owed a fiduciary duty to the Plan and its participants because he served as the Plan's acting administrator during the relevant period; (2) Robert Weston owed a fiduciary duty to the Plan and its participants because he exercised discretionary authority over the Plan during the relevant period; and (3) both defendants breached their fiduciary obligations to the Plan and its participants by failing to notify participants that the Plan

---

[1] Weaver also sued Complex, the administrator named in the Plan documents, and an insurance company that processed claims for the Plan. However, these claims, as well as the defendants' cross-claims against each other, have been dismissed.

was in danger of being terminated. On October 28, 1997, I issued an order granting Weaver's motion for summary judgment against David Weston with respect to Weaver's claim based on 28 U.S.C.A. § 1132(a)(2). Margin order entered on document no. 62.

Weaver orally moved to amend her complaint on September 2, 1998, to state a breach of fiduciary duty claim against both David and Robert Weston based on 29 U.S.C.A. § 1132(a)(3)(B) (allowing a Plan participant to sue for "other appropriate equitable relief"). Relying on § 1132(a)(3)(B), Weaver argued that she should be entitled to recover her unreimbursed medical expenses as a form of equitable relief. I granted the motion to amend the same day.

I held a two-day bench trial to resolve Weaver's claims against Robert Weston on September 1-2, 1998. After completing the trial, I issued an oral decision rejecting Weaver's claim against Robert Weston based on 28 U.S.C.A. § 1132(a)(2) because I concluded that Weaver had not proved that the Plan had suffered a compensable injury as a result of Weston's fiduciary breach. I ruled in Weaver's favor, however, with respect to her claim based on 28 U.S.C. § 1132(a)(3) because I determined that Weston's fiduciary breach caused Weaver's injury and the relief she was seeking is a form of equitable relief that the court was authorized to award. I did not address Weaver's claim against

David Weston based on 28 U.S.C.A. § 1132(a)(3) and Weaver has not taken any further action with respect to that claim.

On May 7, 1999 I issued an order pointing out a potential conflict between my order of October 28, 1997 granting Weaver summary judgment with respect to her § 1132(a)(2) claim against David Weston and my September 2, 1998 ruling that Weaver had failed to prove a similar claim against Robert Weston. In an effort to address this potential conflict and to address other outstanding issues, I directed the parties to file supplemental briefs.

## II. ANALYSIS

Having reviewed the parties' briefs, I now conclude that I erred in awarding Weaver summary judgment with respect to her § 1132(a) claim against David Weston. Weaver cannot maintain a breach of fiduciary duty claim against David Weston for failing to cause Complex to adequately fund the Plan because in failing to direct Complex to fund the Plan, he was not acting in a fiduciary capacity with respect to either the Plan or its beneficiaries. See United Mine Workers v. Pohaler Fuel, 828 F.2d 710, 713-14 (11th Cir. 1987) (company president not acting in a fiduciary capacity when he fails to fund ERISA plan). Further, to the extent that Weston failed to fulfill his fiduciary duty to

inform Plan participants that the Plan was in danger of being terminated, he did not cause a compensable injury to the Plan for which a claim can be maintained pursuant to § 1132(a)(2). Instead, any injuries that resulted from this alleged breach of fiduciary duty were injuries suffered by the Plan's participants, such as Weaver, who incurred avoidable medical expenses based on the reasonable expectation that Complex was continuing to fund its obligations under the Plan. Damages resulting from such injuries are not compensable pursuant to § 1132(a)(2) because they are not injuries suffered by the Plan. Accordingly, I vacate my October 28, 1997 order awarding Weston summary judgment with respect to her § 1132(a)(2) claim against David Weston.[2]

The only matter that remains to be resolved is Weaver's § 1132(a)(3) claim against David Weston.[3] As Weaver has failed to

---

[2] David Weston also argues that my January 24, 1997 order awarding Weaver partial summary judgment against him should be vacated because he failed to receive notice of the motion on which the order was based. I reject this argument because Weston has failed to produce any evidence to contradict Weaver's claim that the motion was mailed to his address of record. David Weston also objects to Weaver's motion to amend her complaint to add a claim against him pursuant to § 1132(a)(3)(B). Reviewing the matter de novo, I find no merit in Weaver's objection to the motion. Accordingly, I decline to vacate my prior order granting Weaver's motion to amend.

[3] I granted Weaver's motion for entry of a default judgment against the Plan in a separate motion.

-5-

seek summary judgment with respect to this count, the clerk shall schedule the matter for trial.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

June 23, 1999

cc:  Peter Anderson, Esq.
     David Weston
     Robert Weston